IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ROBERT LAGRAND HOLCOMB,

Plaintiff,

v.

2:25-CV-140-Z

OFFICE OF ATTORNEY GENERAL STATE OF TEXAS,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Office of the Attorney General of Texas's (the "OAG") Motion to Dismiss ("Motion"), filed August 20, 2026. ECF No. 10. Plaintiff did not respond to the OAG's Motion. Nonetheless, it is now ripe.

The Court lacks subject-matter jurisdiction over Plaintiff's claims, because they are barred by sovereign immunity and by the *Rooker-Feldman* doctrine. Accordingly, the Motion (ECF No. 10) is **GRANTED**. This action is **DISMISSED without prejudice**.

**BACKGROUND**

Plaintiff Robert Holcomb filed this suit against the OAG on June 23, 2025. ECF No. 3. Holcomb's succinct Complaint alleges that on March 24, 2017, the OAG caused a Pennsylvania court to "freeze and seize [his] VA [d]isability assets in the amount of $11,824.06" for "child support enforcement purposes." *Id.* at 1. He alleges the OAG "knowingly and intentionally deceived" the Pennsylvania court by "withholding banking records" which would have shown the funds to be seized were his veteran's disability benefits. *Id.* Holcomb argues his veteran's disability benefits are "protected from attachment, levy, or seizure" under 38 U.S.C. Section 5301. *Id.*

The OAG filed the instant Motion to Dismiss on August 20, 2026. ECF No. 10. Holcomb's response was due September 10, 2026. *See* N.D. TEX. LOC. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Holcomb did not timely respond to the Motion and *still* has not responded over a month after his deadline. While *pro se* litigants are afforded some latitude, they are required to observe deadlines. *See In re Revolution Monitoring, LLC*, No. 3:24-CV-1833, 2026 WL 279876, at *2 (N.D. Tex. Feb. 3, 2026). Moreover, Holcomb was warned that he must read and follow this Court's Local Rules. ECF No. 2 at 1. Accordingly, the Court will consider the OAG's Motion, despite Holcomb's failure to respond.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may seek dismissal of an action for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A plaintiff's failure to respond to a defendant's Rule 12 motion "is not in itself grounds for granting the motion." *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Thus the Court must "assess[] the legal sufficiency of the [C]omplaint" under the relevant legal standard. *Id.*

Federal courts have limited jurisdiction. They "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Thus, a plaintiff "must make 'clear, distinct, and precise affirmative jurisdictional allegations'" in pleadings. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). A court must consider a jurisdictional challenge "before addressing any attack on the merits." *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012); *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court shoulder consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). The party claiming subject-matter jurisdiction bears the burden of proof to show it is there. *See Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020).

## ANALYSIS

Holcomb's Complaint satisfies Rule 8 because it includes two plausible claims for relief. However, whether the claims are standalone challenges against the OAG or an attack on the state court's judgment, this Court lacks subject-matter jurisdiction over the claims.

### I. Holcomb's Complaint Alleges Two Plausible Claims for Relief.

The OAG argues Holcomb's Complaint does not comply with Rule 8's pleading standard, because "both the OAG and the Court are left to guess at what claims Plaintiff intends to assert." ECF No. 11 at 10–11. The Court disagrees.

The Court must liberally construe Holcomb's complaint. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Of course, the entitlement requirement means a complaint's allegations must "plausibly suggest[]" a legal right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). But Rule 8 "do[es] not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). Liberally construing the Complaint is particularly appropriate here, because it was filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

Applying this liberal construction standard, Holcomb's Complaint alleges two plausible claims. First, Holcomb alleges a claim for fraud against the OAG. The complaint alleges the OAG "knowingly and intentionally deceived the [Pennsylvania] court" by not

providing certain bank records. ECF No. 3 at 1. The Court agrees with the OAG that this most naturally reads as a claim for fraud. *See* ECF No. 11 at 1.[1]

Second, Holcomb alleges a violation of 38 U.S.C. Section 5301(a), actionable through 42 U.S.C. Section 1983. The Complaint argues veteran's disability benefits "are protected from attachment, levy, or seizure" under 38 U.S.C. Section 5301(a). ECF No. 3 at 1. While Section 5301(a) does not provide a separate cause of action, the Fifth Circuit has assumed without deciding that Section 5301(a) can be privately enforced via Section 1983. *Hawes v. Stephens*, 964 F.3d 412, 415 (5th Cir. 2020). Moreover, while the Complaint does not invoke Section 1983, there is no requirement to specifically invoke Section 1983 to state a claim under that section. *See Johnson*, 574 U.S. at 11 (2014) ("[N]o heightened pleading rule requires plaintiffs . . . to invoke Section 1983 expressly in order to state a claim."). Thus, the Complaint also alleges a claim under Section 1983 for violation of Section 5301(a).

In sum, the Court finds the Complaint meets Rule 8's pleading standard and alleges two plausible claims. But whether Holcomb's claims are against the OAG or an attack on the state court's judgment, the Court lacks subject-matter jurisdiction to consider them.

**II. Holcomb's Claims Against the OAG are Barred by Sovereign Immunity.**

As discussed above, Holcomb's Complaint raises two plausible claims against the OAG: (1) a claim for fraud; and (2) a Section 1983 claim for violation of Section 5301(a). Both are barred by sovereign immunity.

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's

---

[1] The Federal Rules set a heightened pleading standard for fraud allegations. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520–24 (5th Cir. 1993). Because the Court dismisses the claim for jurisdictional reasons, the Court does not address whether Plaintiff's fraud allegation meets Rule 9(b)'s standard.

sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). When it is affirmatively raised and not waived, "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *see also Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 616–20 (5th Cir. 2020) (affirming district court's dismissal of claims barred by sovereign immunity for lack of subject-matter jurisdiction). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002).

Here, the OAG is a state agency entitled to sovereign immunity. *See* TEX. CONST. art. IV, § 22; *see also Walker v. Tex., Off. of the Att'y. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002) ("The Office of the Attorney General is an arm of the state entitled to sovereign immunity."). Thus, Holcomb's claims against the OAG are barred unless Texas has waived its sovereign immunity or Congress has abrogated it. *See Perez*, 307 F.3d at 318.

Holcomb's fraud claim is a common-law claim for recovery against Texas. *See* ECF No. 3 at 1. The Texas Tort Claims Act ("TTCA") "is the only . . . avenue for common-law recovery against the [Texas] government." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Thus, Texas retains its sovereign immunity against fraud claims unless the TTCA waives it. *Id.*

Even assuming the TTCA applies to the alleged conduct, which presumably occurred out of state, it does not waive the state's sovereign immunity against Holcomb's fraud claim for two reasons. First, the TTCA expressly provides that "[a] suit under this chapter shall be brought in *state court*." TEX. CIV. PRAC. & REM. CODE § 101.102(a) (emphasis added). "A state

does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in its own courts." *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996). Thus, the TTCA does not waive Texas's—or the OAG's—sovereign immunity to suit in federal courts. *See id.* at 850–52. Second, even if the TTCA waived the state's immunity in federal court, it does not waive immunity against fraud claims. *LTTS Charter Sch., Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.—Dallas 2012, no pet.) ("Fraud is an 'intentional tort' for which the TTCA provides no waiver of immunity."). Accordingly, Texas has not waived its sovereign immunity against fraud claims in federal court, so Holcomb's fraud claim is barred by sovereign immunity.

The OAG is also entitled to sovereign immunity against Holcomb's Section 1983 claim. Section 1983 allows certain claims against a "person" acting "under color" of law. 42 U.S.C. § 1983. But a state—and by extension a state agency—is not a "person" for purposes of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Congress has not abrogated state sovereign immunity . . . under Section 1983." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Where a plaintiff names only a state agency entitled to sovereign immunity, as opposed to "individual state officials acting in violation of federal law," his 1983 claim is barred by sovereign immunity. *Id.* at 328–29. Here Plaintiff has named only the OAG Defendant. ECF No. 3 at 1. Accordingly, Holcomb's Section 1983 claim is barred.

Both of Holcomb's claims against the OAG are barred by sovereign immunity. Therefore, the Court will grant the OAG's Motion to Dismiss (ECF No. 10) and dismiss the Complaint without prejudice. *See Block*, 952 F.3d at 620 ("Claims barred by sovereign immunity are dismissed without prejudice." (internal marks omitted)).

### III. Holcomb's Claims are Barred by the *Rooker-Feldman* Doctrine.

To the extent Holcomb's Complaint can be read as challenging a state court judgment, his claim is barred by the *Rooker-Feldman* doctrine. This is an independent reason to grant the OAG's Motion and dismiss Holcomb's Complaint.

*Rooker-Feldman* doctrine concerns "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Such suits, when filed in federal district courts, "invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." *Id.* at 283. But "[t]o do so would be an exercise of appellate jurisdiction." *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923). Incorrect state court decisions are open to challenge in a timely appellate proceeding. *Id.* at 415. And final judgments rendered by the "highest court of a State" may be reviewed by the United States Supreme Court. 28 U.S.C. § 1257(a). But federal *district* courts do not have appellate authority to "overturn an injurious state-court judgment." *Exxon Mobil*, 544 U.S. at 291–92. Suits asking them to do so should be dismissed for lack of subject-matter jurisdiction. *Id.* at 283–84.

Plaintiff's complaint alleges a Pennsylvania court ordered garnishment of his veteran's disability benefits in violation of 38 U.S.C. Section 5301(a). ECF No. 3 at 1.[2] But this Court has no jurisdiction to review the orders or judgments of a state court. *See Rooker*, 263 U.S. at 414–17; *Exxon Mobil*, 544 U.S. at 283–84. In fact, the Fifth Circuit has affirmed a district court's dismissal of a similar claim under *Rooker-Feldman* doctrine. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 798 (5th Cir. 2017). Accordingly, to the extent

---

[2] While not relevant to the Court's jurisdictional analysis, Plaintiff is likely incorrect that the garnishment of his benefits violated Section 5301(a). *See Rose v. Rose*, 481 U.S. 619, 634 (1987) (holding 38 U.S.C. Section 5301(a) "does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support").

Holcomb's Complaint can be read as challenging a state court judgment, the *Rooker-Feldman* doctrine bars his claim. This is an independent reason to dismiss the Complaint without prejudice for lack of subject-matter jurisdiction. *See English v. Crochet*, 154 F.4th 369, 372 n.2 (5th Cir. 2025) (noting "[t]he *Rooker-Feldman* doctrine is jurisdictional" so dismissals should be without prejudice).

## CONCLUSION

For the reasons above, Defendant OAG's Motion to Dismiss under Rule 12(b)(1) (ECF No. 10) is **GRANTED**. Plaintiff Holcomb's claims are barred by sovereign immunity and by the *Rooker-Feldman* doctrine, both of which divest the Court of subject-matter jurisdiction. Accordingly, this action is **DISMISSED without prejudice**. The United States District Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

October 13, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE